UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CONNECTUS LLC,
d/b/a EDEGREE ADVISOR,

    Plaintiff,

v.

AMPUSH MEDIA, INC., and
DGS EDU, LLC,

    Defendants.
_____/

**Pending in the United States District Court, Middle District of Florida, Tampa Division**

**CASE NO.: 8:15-cv-02778-VMC-JSS**

**NON-PARTY TRG HOLDINGS, LLC'S
MOTION TO QUASH SUBPOENAS *DUCES TECUM*
AND MOTION FOR PROTECTIVE ORDER**

Non-party, TRG Holdings, LLC ("TRG"), by and through its undersigned counsel, and pursuant to Rules 26(c) and 45(d) of Federal Rules of Civil Procedure, moves for an order quashing the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action ("Subpoena for Documents") and the Subpoena to Testify at a Deposition in a Civil Action ("Subpoena for Deposition") served by Plaintiff, Connectus LLC d/b/a Edegree Advisor's ("Plaintiff"), and further requests that this Court enter a protective order prohibiting the production and testimony of irrelevant and confidential commercial, proprietary, and financial information. In support of the relief requested, TRG states as follows:

**PRELIMINARY STATEMENT**

In December of 2015, Plaintiff brought an action in the Middle District of Florida seeking damages and injunctive relief for an alleged misappropriation of its lead generation information against Defendants Ampush Media, Inc. ("Ampush") and DGS EDU, LLC ("DGS EDU"), the

successor-in-interest of Ampush.  *See* Amended Complaint ("Am. Compl.") [Doc. No. 9], a copy of which is attached hereto as **Exhibit 1**.  According to the Amended Complaint, the Plaintiff connects potential students with universities by collecting information from the students and matching them with universities that meet the students' interests.  *See id.* at ¶¶12-14.  Plaintiff gets paid by the university for each prospective student lead.  *See id.* at ¶18.  Plaintiff alleges that Ampush and DGS EDU received leads that they did not pay for and then sold the leads valued at more than $19 million.  *See id.* at ¶31.

As the Plaintiff's discovery deadline loomed, on November 1, 2016, Plaintiff improperly served subpoenas without prior notice, on non-party TRG's registered agent in Delaware requiring TRG (1) to respond and produce responsive documents in Englewood, Colorado on or before November 11, 2016 (ten (10) days from the date of service), and (2) to appear for deposition in Englewood, Colorado on November 14, 2016 (thirteen (13) days from the date of service) to provide testimony  ("Colorado Subpoenas").  A copy of the Colorado Subpoenas are attached as **Exhibit 2**.  However, TRG is a Delaware company that has no offices, employees, or assets in Colorado, nor does it regularly transact business in Colorado.  TRG's principal place of business is instead located in Washington D.C.

On November 10, 2016, counsel for TRG and Plaintiff held a good faith conference in which TRG's counsel explained that the Colorado Subpoenas were improper because they (1) did not allow a reasonable time to comply, (2) were scheduled in the wrong forum, and (3) requested discovery from a non-party that was neither relevant nor proportional to the underlying proceeding.  During the good-faith conference, Plaintiff agreed to comply with the Federal Rules of Civil Procedure and move the production and deposition location to Washington, D.C., and agreed to accommodate schedules for the production and deposition as long as they occur prior to

December 5, 2016. However, the parties could not agree on the overbroad and unduly burdensome requests, so TRG filed its Motion to Quash Subpoena *Duces Tecum* and Motion for Protective Order in the District of Colorado,[1] as the forum to comply with the Subpoena. *See* Case No. 1:16-mc-00212-RM-STVE [Doc. No. 4], a copy of which is attached as **Exhibit 3**; *see also* FED. R. CIV. P. 45(d)(3).

The next day, Plaintiff served TRG's registered agent with a copy of revised subpoenas that changed the location to Washington, D.C., but kept the timing of compliance *the same* as the Colorado Subpoena (the "Washington, D.C. Subpoenas"). A copy of the Washington, D.C. Subpoenas are attached as **Exhibit 4**. Thus, the Washington, D.C. Subpoenas required TRG (1) to respond and produce responsive documents in Washington, D.C. on the date TRG was served (November 11, 2016), and (2) to appear for deposition in Washington, D.C. on November 14, 2016 (three (3) days from the date of service).

Importantly, as articulated in TRG's Motion to Quash and Motion for Protective Order filed in the District of Colorado, Plaintiff is seeking discovery from non-party TRG regarding communications with another non-party and documents regarding that non-party. TRG is a portfolio management company whose parent (yet, another non-party) owns a stake in non-party Digital Globe Services Ltd., a public company that is traded on the London Stock Exchange. As set forth in the Washington, D.C. Subpoenas, Plaintiff is asking TRG to provide confidential and

---

[1] TRG sought relief from the District of Colorado because compliance of the Subpoena is in Colorado, rather than the Middle District of Florida, where the case is pending and Subpoena was issued. *See* FED. R. CIV. P. 45(d)(3) ("On timely motion, the court for the district where compliance is required must quash or modify a subpoena . . . [and] [t]o protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena."); *see also* FED. R. CIV. P. 26(c)(1) ("A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken.").

3

financial documents and testimony regarding its communication with non-party Digital Globe Services Ltd.

Moreover, the Washington, D.C. Subpoenas are extremely broad and unduly burdensome and seek discovery from TRG that is neither relevant nor proportional to the issues raised in the Amended Complaint. In particular, Plaintiff is seeking sensitive confidential, financial, proprietary and privileged information from non-party TRG, including, among other things, (a) over three (3) years of financial information of non-party Digital Globe Services Ltd. or any affiliated entity (showing revenue, expenses, assets, and liabilities "associated with DGS [EDU]"), (b) TRG's valuation of Digital Globe Services Ltd. including its investment modeling, (c) TRG's "ethical standards for employees and investments," and (c) communications relating to "exposure under the TCPA." *See* Ex. 2 at pp. 5, 11-12.

In short, Plaintiff has violated the Federal Rules in serving the Washington, D.C. Subpoenas, and cannot demonstrate any need for the requested information, especially non-party Digital Globe Services Ltd.'s confidential financial information, TRG's investment modeling, and documents related to Digital Globe Services Ltd.'s purported legal exposure under the TCPA. The wide-ranging scope of the Washington, D.C. Subpoenas subject TRG to an undue burden to produce irrelevant, confidential information within the short period requested. Accordingly, TRG respectfully requests that *this* Court quash the Washington, D.C. Subpoenas, stay TRG's discovery obligations, and enter a protective order prohibiting the production and disclosure of TRG's confidential financial, proprietary, privileged and commercial information.

**MEMORANDUM OF LAW**

I.   **LEGAL STANDARD**

Rule 45(d)(3), Federal Rules of Civil Procedure states, "[t]o protect a person . . . affected by a subpoena," the court for the district where compliance is required may, on motion, quash or modify the subpoena if it "fails to allow a reasonable time to comply," "requires disclosure of privileged or other protected matter, if no exception or waiver applies," "subjects a person to undue burden," or requests the disclosure of "trade secret or other confidential . . . commercial information." "What constitutes unreasonableness or oppression is, of course, a matter to be decided in the light of all the circumstances of the case . . . ." *Northrop Corp. v. McDonnell Douglas Corp.*, 751 F.2d 395, 403 (D.C. Cir. 1984) (citing "[w]hat constitutes unreasonableness or oppression is, of course, a matter to be decided in the light of all the circumstances of the case ....") (citing 5A Moore's Federal Practice ¶ 40.05[2] n. 44.)).

With respect to protective orders, Federal Rule of Civil Procedure 26(c) confers broad discretion on the Court to decide when a protective order is appropriate and what degree of protection is required. *Klayman v. Judicial Watch, Inc.*, 247 F.R.D. 19, 22 (D.D.C. 2007). Under this Rule, for "good cause," a court may issue a protective order regarding discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The "good cause" standard of Rule 26(c) is "highly flexible, having been designed to accommodate all relevant interests as they arise." *United States v. All Assets Held at Bank Julius Baer & Co., Ltd.*, 312 F.R.D. 16, 19 (D.D.C. 2015) (citing *United States v. Microsoft Corp.,* 165 F.3d 952, 959 (D.C.Cir.1999)). As a general rule, the "good cause" calculation requires the Court to balance the moving party's need for information against the injury that might result from unrestricted disclosure. *Klayman*, 247 F.R.D. at 23.

Protective orders are properly granted where, as here, they are necessary to preclude the disclosure of, among other things, irrelevant and confidential commercial information. *Id.* at 24 ("Defendants correctly note that Rule 26(c)(7) permits the court to issue a protective order requiring that "a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way."").

II. **THE WASHINGTON, D.C. SUBPOENAS DO NOT COMPLY WITH FEDERAL RULE OF CIVIL PROCEDURE RULE 45**

At the outset, the Washington, D.C. Subpoenas should be quashed because they fail to allow a reasonable time to comply. *See* FED. R. CIV. P. 45(d)(3) (the Court may modify or quash a subpoena when it fails to allow a reasonable time to comply). The Plaintiff served the Washington, D.C. Subpoenas on TRG's registered agent in Delaware on November 11, 2016 (a federal holiday), seeking responses to expansive document requests ***on the same day of service*** and a deposition three (3) days from the date of the Subpoena. In addition, Plaintiff made no attempt to schedule the deposition on a mutually agreeable date and time with TRG[2] or its counsel. *See* LCvR 30.1 ("Service of a notice of deposition seven days in advance of the date set for taking the deposition shall constitute 'reasonable notice' to a party as required by Fed. R. Civ. P. 30(b)"). Accordingly, the Washington, D.C. Subpoenas should be quashed on this basis alone.

III. **THE COURT SHOULD QUASH THE WASHINGTON, D.C. SUBPOENAS BECAUSE THEY IMPOSE AN UNDUE BURDEN ON TRG AND SEEK CONFIDENTIAL, PROPRIETARY, FINANCIAL AND COMMERCIAL INFORMATION.**

Plaintiff's Washington, D.C. Subpoenas violate Rule 45(d) because Plaintiff failed to take reasonable steps to avoid imposing an undue burden or expense on TRG. FED. R. CIV. P. 45(d) ("A party or attorney responsible for issuing and serving a subpoena must take reasonable

---

[2] TRG's General Counsel is currently on a two-week trip to India, and is not available for a deposition unilaterally scheduled on November 14, 2016.

steps to avoid imposing undue burden or expense on a person subject to the subpoena."). The Washington, D.C. Subpoenas not only demand the production and disclosure of information from a non-party so broad that it would take weeks to assemble and produce, but also seek proprietary information relating to *another* non-party's financials, business operations, and legal exposure, without any justification.

Specifically, Plaintiff's Subpoena for Documents includes the following broad and burdensome requests:

1. All communications with and materials provided by Digital Globe Services Ltd. or any entity affiliated with it that relate to (a) the educational lead-related business; or (b) DGS[3]; (c) the above-captions lawsuit.

2. All communications with Digital Globe Services Ltd. or any entity affiliated with it relating to: (a) Plaintiff, (b) the above-captions lawsuit, (c) the storage, acquisition, use and sale of lead-related information obtained from Plaintiff and (d) any potential or actual bankruptcy filings by DGS.

3. All financial reports, statements, or records which Digital Globe Services Ltd. or any of its affiliated companies has provided you covering any portion of the period between April 1, 2013 and October 30, 2016, showing revenues, expenditures, assets, and liabilities associated with DGS.

4. All communications between You[4] and any third party relating to (a) Plaintiff, (b) the above captioned action, (c) the storage, acquisition, use and sale of lead-related information obtained from Plaintiff and (d) exposure under the TCPA.

*See* Ex. 1, p. 5.

---

[3] "DGS" is defined as "Defendant DGS EDU, LLC, in the matter styled *Connectus LLC d/b/a eDegree Advisory v. Ampush Media, Inc. et al.,* No. 8:15-cv-02778-VMC-JSS (M.D. Fla.), including all its predecessors, successors, subsidiaries, parents, affiliates, and entities acting in joint-venture or partnership relationships therewith, as well as all past or present directors, officers, agents, representatives, employees, consultants, attorneys, and others acting on behalf thereof."

[4] "You" is defined as "entity named on this subpoena, any person acting on its behalf, and any affiliated entities, including without limitation any current or former attorneys, agents, investigators, other representatives, parents, or subsidiaries."

Similarly, Plaintiff seeks to depose TRG with respect to the following expansive deposition topics:

1. All discussions between YOU and Digital Globe Services Ltd. or any entity affiliated with it relating to a) the educational lead-related business; or (b) DGS; (c) the above- captioned lawsuit.

2. All discussions between YOU and Digital Globe Services Ltd. or any entity affiliated with it relating to (a) Plaintiff, (b) the above captioned action, (c) the storage, acquisition, use and sale of lead-related information obtained from Plaintiff and (d) any potential or actual bankruptcy filing by DGS.

3. Your valuation of Digital Globe Services Ltd. for purposes of acquiring it including (a) the model you used; (b) the financial information Digital Globe Services Ltd. provided and (c) any multiples, ratios or comparables you used to evaluate Digital Globe Services Ltd.'s value.

4. All discussions between You and any third party relating to the exposure of Digital Globe Services Ltd. or any entity affiliated with it under the TCPA as a result of calls made to individuals who had not given advance permission (a) for DGS or any affiliated entity to call them on its behalf (b) for DGS or any affiliated entity to call them on behalf of a third party (c) for DGS or any affiliated entity to pass their name and contact information on to a third party to call or (d) for DGS or any affiliated entity to transfer a live call along with name and contact information to a third party to speak with or call.

5. All discussions between You and any third party relating to (a) Plaintiff, (b) the above captioned action, (c) the storage, acquisition, use and sale of lead-related information obtained from Plaintiff and (d) exposure under the TCPA.

6. Your ethical standards for employees and investments and the extent to which Digital Globe Services Ltd. or any entity affiliated with it has lived up to those standards.

7. Your search for and production of responsive documents and the contents of the documents produced in response to the attached subpoena.

*Id.*, pp. 11-12.

These requests are not only unduly burdensome because they seek documents not properly the subject of discovery in the underlying action, but it would take TRG an inordinate amount of time and resources to collect the information requested, and prepare its witness(es) to

testify on these proposed topics. *Flatow v. Islamic Republic of Iran*, 201 F.R.D. 5, 8 (D.D.C. 2001) ("In identifying an 'undue burden', a court is to look at several factors, such as '[the] relevance [of the materials sought], the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.'").

Moreover, Plaintiff impermissibly seeks a wide range of confidential and privileged information including, among other things, over three (3) years of financial information of another non-party, Digital Globe Services Ltd. or any affiliated entity (showing revenue, expenses, assets, and liabilities "associated with DGS [EDU]"), discovery showing TRG's valuation of Digital Globe Services Ltd. including its investment modeling, "ethical standards for employees and investments," and "exposure of Digital Globe Services Ltd….under the TCPA." *See* Ex. 1, pp. 5, 11-12; *see United States v. Binh Tang Vo*, 78 F. Supp. 3d 171, 175 (D.D.C. 2015) ("Courts have recognized such privacy interests in connection with subpoenas for documents such as financial records").

Plaintiff is demanding TRG disclose confidential information related to other third parties, primarily Digital Global Services, Ltd. and "or any entity affiliated with [Digital Global Services, Ltd.]." Yet, Plaintiff cannot demonstrate the relevance of these requests on a non-party and its need for the confidential information as it pertains to the issues regarding the alleged misappropriation of lead generations as raised in its Amended Complaint. Accordingly, the Court should quash or modify the Subpoena because it imposes an undue burden, fails to provide a reasonable time to comply, and seeks confidential information.

**IV. GOOD CAUSE EXISTS FOR THIS COURT TO ENTER A PROTECTIVE ORDER TO PREVENT THE DISCLOSURE OF A NON-PARTY'S CONFIDENTIAL FINANCIAL, PROPRIETARY, PRIVILEGED AND COMMERCIAL INFORMATION.**

A protective order is appropriate to prevent the disclosure of TRG's confidential, proprietary, and financial information, as well as information related to other third parties, which is not relevant to the pending lawsuit. As explained herein, under Rule 26(c), the Court for "good cause," may issue a protective order regarding harassing and oppressive discovery demands, particularly to non-parties, and the "good cause" standard is "highly flexible." *Klayman*, 247 F.R.D. at 22. And, as a general rule, the "good cause" calculation requires the Court to balance the moving party's need for information against the injury that might result from unrestricted disclosure. *Id.* at 23.

Here, TRG, a non-party, is being asked to disclose extensive, sensitive, operational, and financial information of other non-parties (in particular, Digital Globe Services Ltd.), which has no relevance to the allegations made against the *parties* in the Amended Complaint. Plaintiff is seeking damages and injunctive relief for alleged misappropriation of its lead generation information, thus disclosure of non-party Digital Globe Services Ltd.'s financial information by non-party TRG would not be appropriate. *See Binh Tang Vo*, 78 F. Supp. 3d at 175.

Even worse, Plaintiff fails to properly limit, narrow, or organize the Washington, D.C. Subpoenas and instead makes sweeping and vague requests that include, among other things, "[a]ll communications and materials provided by Digital Globe Services Ltd. or any entity affiliated with it relating to a) the educational lead-related business," "any potential or actual bankruptcy filings of DGS [EDU]," "[y]our valuation of Digital Globe Services Ltd. for purposes of acquiring it including (a) the model you used," "[y]our ethical standards for employees and investments," and "[a]ll discussions between [y]ou and any third party relating to the exposure of

Digital Globe Services Ltd….under the TCPA." *See* Ex. 1, pp. 5, 11-12. In addition, Plaintiff provides no time limitation for three out of four document requests or any of the deposition topics. So, even if the topics had been relevant to the underlying case (which they are not), the extensiveness of the requests make them overbroad and unduly burdensome.

Furthermore, these inquiries are harassing, inappropriate and irrelevant to the claims alleged in the Amended Complaint. Accordingly, TRG has established good cause to receive protection from the Court to prevent the disclosure of this sensitive commercial, proprietary and financial information, not relevant to the underlying proceeding.

## **CONCLUSION**

For the foregoing reasons, TRG respectfully requests the Court issue an order quashing the Washington, D.C. Subpoenas, staying TRG's discovery obligations, entering a protective order limiting the disclosure of confidential, proprietary and financial commercial information, and granting such other relief that the Court deems just and proper.

## **GOOD FAITH CERTIFICATION**

Pursuant to Rule 26(c), Federal Rules of Civil Procedure, and Local Rule of LCvr 7(m), on November 14, 2016, the undersigned counsel for TRG conferred with counsel for Plaintiff regarding the issues addressed in this motion. Plaintiff's counsel indicated that they were simply attempting to comply with Rule 45(c)(2)(1)(A) and (2)(A) by serving another subpoena with the production/deposition location in Washington, D.C. Otherwise, the parties were not able to agree on the relief requested herein.

Dated: November 14, 2016		Respectfully submitted,

/s/ Gregory W. Kehoe
Gregory W. Kehoe (DC No. 100210)
kehoeg@gtlaw.com
Danielle S. Kemp (*pro hac vice* pending)
kempd@gtlaw.com
Greenberg Traurig, P.A.
101 East Kennedy Blvd., Suite 1900
Tampa, FL 33602
Telephone:  (813) 318-5700
Facsimile:   (813) 318-5900

*Attorneys for TRG Holdings, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 14, 2016, a copy of the foregoing was served via the Court's CM/ECF filing, which will send notification to the following:

Johanna Calabria, Esq.
Durie Tangri LLP
217 Leidesdorff St.
San Francisco, CA 94111
jcalabria@durietangri.com

/s/ Gregory W. Kehoe
Attorney

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

CONNECTUS LLC,
d/b/a EDEGREE ADVISOR,

    Plaintiff,

v.

AMPUSH MEDIA, INC., and
DGS EDU, LLC,

    Defendants.
_____/

**Pending in the United States District Court, Middle District of Florida, Tampa Division**

**CASE NO.: 8:15-cv-02778-VMC-JSS**

## [PROPOSED] ORDER

On this _____ day of November, 2016, upon consideration of TRG Holdings, LLC's Motion to Quash Subpoena *Duces Tecum* and Motion for Protective Order, it is hereby:

ORDERED that TRG Holdings, LLC's Motion to Quash Subpoena *Duces Tecum* and Motion for Protective Order is GRANTED; it is

FURTHER ORDERED that Connectus LLC, d/b/a Edegree Advisor's Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action and the Subpoena to Testify at a Deposition in a Civil Action directed to TRG Holdings, LLC are quashed.

 

_____
UNITED STATES DISTRICT JUDGE

cc:    Gregory W. Kehoe, Esq.
        Danielle S. Kemp, Esq.
        Johanna Calabria, Esq.